UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIE KLEIN,

                      Plaintiff,

        -against-

ATP FLIGHT SCHOOL, LLP, ADAM ROSENBERG,
Individually, JIM KOZIARSKI, Individually, and
KELVIN KING, Individually,

                    Defendants.
-----------------------------------------------------------------X

Case No. 14-cv-1522 (JFB)
(GRB)

**PLAINTIFF'S OPPOSITION
TO MOTION TO COMPEL
ARBITRATION AND
DISMISS THE
PROCEEDINGS**

**TABLE OF CONTENTS**

**INTRODUCTION** ........................................................................................................ 1

**ARGUMENT** ............................................................................................................... 1

  I.  **THIS COURT CANNOT COMPEL ARBITRATION IN A DIFFERENT DISTRICT** ........................................................................................................ 1

  II.  **THE ARBITRATION CLAUSE IS UNENFORCEABLE BECAUSE IT WAIVES FEDERAL SUSBTANTIVE RIGHTS BY APPLYING GEORGIA STATE LAW EXCLUSIVELY** ........................................................................................... 3

  III. **THE ARBITRATION CLAUSES CANNOT BE ENFORCED BECAUSE THEY DO NOT CLEARLY AND UNMISTAKABLY REQUIRE PLAINTIFF TO SUBMIT HER STATUTORY CLAIMS OF DISCRIMINATION TO ARBITRATION** ............. 4

  IV. **THE ARBITRATION CLAUSES ARE UNENFORCEABLE BECAUSE THEIR TERMS ARE UNCONSCIONABLE** ........................................................................ 9

      **A.**    **State Contract Law Governs The Resolution Of Whether An Arbitration Agreement Is Enforceable** ....................................................................... 9

      **B.**    **New York Contract Law Governs The Resolution Of Whether The Arbitration Clauses At Issue Here Are Unconscionable** ......................................... 10

      **C.**    **The Arbitration Clauses Are Unenforceable Because They Are Unconscionable** .............................................................................. 11

**CONCLUSION**……………………………………………………………………**14**

## TABLE OF AUTHORITIES

**Cases**

*14 Penn Plaza LLC v. Pyett,* 556 U.S. 247 (2009) ............................................................. 3, 4, 5, 8

*Alderman v. 21 Club Inc.,* 733 F. Supp. 2d 461 (S.D.N.Y. 2010) .................................................. 7

*Alexander v. Gardner-Denver Co.,* 415 U.S. 36 (1974) ...................................................... 4, 5, 6, 8

*Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728 (1981) ................................... 5, 6

*Bouras v. Good Hope Mgmt. Corp.*, No. 11 Civ. 8708 (WHP), 2012 U.S. Dist. LEXIS 104703
    (S.D.N.Y. July 24, 2012) ................................................................................... 7

*Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360 (2d. Cir. 2003) (per curiam). . 9

*Citigroup Global Mkts., Inc. v. All Children's Hosp., Inc.,* No. , 2014 U.S. Dist. LEXIS 37867
    (S.D.N.Y. Mar. 20, 2014) ................................................................................... 2

*Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198 (2d Cir. 1999).......................... 11

*Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681 (1996).................................................................. 9

*E.E.O.C. v. Rappaport, Hertz, Cherson  & Rosenthal, P.C.,* 448 F. Supp. 2d 458 (E.D.N.Y.
    2006), ....................................................................................................... 9, 12

*Gillman v. Chase Manhattan bank, N.A.,* 73 N.Y.2d 1 (1988)...................................................... 11

*Green Tree Fin. Corporation-Alabama v. Randolph,* 531 U.S. 79 (2000)................................... 12

*Intercontinental Mon. Corp. v. Performance Gaur.,* 705 F. Supp. 144 (S.D.N.Y. 1989) ............ 10

*Johnson v. Tishman Speyer Props., L.P.,* 09 Civ. 1959 (WHP), 2009 U.S. Dist. LEXIS 96464
    (S.D.N.Y. Oct. 16, 2009). ...................................................................................... 7

*Kaye v. Orange Regional Med. Ctr.,* No. 12-CV-4364 (KMK), 2013 U.S. Dist. LEXIS 141065
    (S.D.N.Y. Sept. 30, 2013)................................................................................... 6, 7

*McLean v. Garage Mgmt. Corp.,* No. 10-CV-3950, 2011 U.S. Dist. LEXIS 32760 (S.D.N.Y.
    Mar. 29, 2011)..................................................................................................... 6

*Merril Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323 (7th Cir. 1995)....................... 2

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S.614 (1985) .................................. 2

*Morris v. Temco Serv. Indus., Inc.*, No. 09 Civ. 6194 (WHP), 2010 U.S. Dist. LEXIS 84885
    (S.D.N.Y. Aug. 12, 2010) ...................................................................................... 7

*Nayal v. HIP Network Servs. IPA, Inc.,* 620 F. Supp. 2d 566 (S.D.N.Y. 2009) ........................... 11

*Neumeier v. Kuehner,* 335 N.Y.S.2d 64 (1972)................................................................. 10

*Quintanilla v. Suffolk Paving Corp.,* No. 09-CV-5331, 2011 U.S. Dist. LEXIS 34193 (E.D.N.Y. Feb. 10, 2011) ............................................................................................ 7

*Ragone v. Atlantic Video,* 595 F.3d 115 (2d Cir. 2010).................................................... 6, 9, 11, 13

*Rogers v. N.Y. Univ.,* 220 F.3d 73 (2d Cir. 2000) (per curiam) ....................................... 7

*Sista v. CDC Ixis N. Am., Inc,* 445 F.3d 161 (2d Cir. 2006)........................................... 12

*State v. Wolowitz,* 468 N.Y.S.2d 131 (1983) ................................................................. 11

*Steelworkers v. Warrior & Gulf. Nav. Co.,* 363 U.S. 574 (1960)................................... 9

*Sutherland v. Ernst & Young, LLP,* 768 F. Supp. 2d 547 (S.D.N.Y. 2011) .................... 3

*Totalplan Corp. of Am.v. Colborne,* 14 F.3d 824 (2d Cir. 1994) ................................... 10

*Veliz v. Collins Bldg. Servs., Inc*., No. 10 Civ. 06615 (RJH), 2011 U.S. Dist. LEXIS 109351 (S.D.N.Y. Sept. 26, 2011) ......................................................................... 7

*Viruet v. Port Jervis City School Dist.,* No. 11-CV-1211 (ER), 2013 U.S. Dist. LEXIS 114243 (S.D.N.Y. Aug. 13, 2013) ......................................................................... 7

*Wright v. Universal Maritime Service Corp.,* 525 U.S. 70 (1998) ................................. 4

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 2 ........................................................................... 9

Federal Arbitration Act, 9 U.S.C. § 4 ........................................................................... 2

New York City Human Rights Law, N.Y.C. Admin. Code § 8-107(7)........................... 4

New York State Human Rights Law, N.Y. Exec. Law § 296........................................... 4

Title IX, 20 U.S.C. § 1681(a)..................................................................................... 3, 10

## INTRODUCTION

Defendants ATP Flight School, LLP, Jim Koziarski and Kelvin King (the "ATP Defendants") wrongly argue in their Motion to Compel Arbitration and Dismiss the Proceedings (Defendants' Motion") that Plaintiff must submit her claims to arbitration because she signed the "Flight School Agreement, Waiver of Liability, Release, and Agreement to Arbitrate" (the "Agreement") and the "Flight Training and Refund Policy" (the "Policy") when she enrolled as a student at Defendant ATP Flight School.  The arbitration clauses contained in the Agreement and Policy are not enforceable for the following reasons: (1) under the Federal Arbitration Act this Court does not have the authority to compel arbitration in Florida or Georgia; (2) the arbitration clauses at issue are unenforceable because they waive the protections of federal substantive law; (3) the arbitration clauses are unenforceable because they do not clearly and unmistakably require Plaintiff to submit her discrimination claims to arbitration; and, (4) the terms contained in the arbitration clauses are unconscionable.  Accordingly, the ATP Defendants' motion should be denied in its entirety.

## ARGUMENT

### I.    THIS COURT CANNOT COMPEL ARBITRATION IN A DIFFERENT DISTRICT

The ATP Defendants move this Court for an order compelling arbitration of Plaintiff's claims in Atlanta, Georgia or Jacksonville, Florida pursuant to the arbitration clauses contained in the Agreement and Policy she signed. See, Defendants' Motion to Compel Arbitration and Dismiss the Proceedings ("Defendants' Motion"), 6 and Exhibits A and B thereto.  Defendants' argument fails as a matter of law because this Court does not have the authority to compel

Plaintiff to arbitration in Georgia or Florida. See, Exhibit A (the "Agreement") and Exhibit B

(the "Policy") to Defendants' Motion.

**"[T]he Federal Arbitration Act prevents a district court from compelling**

**arbitration outside of its own district**." *Citigroup Global Mkts., Inc. v. All Children's Hosp.,*

*Inc.,* No. , 2014 U.S. Dist. LEXIS 37867, \*11-12 (S.D.N.Y. Mar. 20, 2014) (citing 9 U.S.C. § 4;

*Merril Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323, 328 (7th Cir. 1995)

(reiterating that "§ 4 preclude[s] a district court from ordering arbitration to take place outside of

its own district, and just as clearly preclude[s] the court from ordering arbitration to take place

within its district in contravention of a freely negotiated forum selection clause."))

The Federal Arbitration Act states, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28 [28 USCS §§ 1 et seq.], in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement….The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. **The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed**.

9 U.S.C. § 4 (emphasis added).

Because Defendants' motion seeks to compel arbitration in outside this district – in

Georgia or Florida – it must be denied.

II.    **THE ARBITRATION CLAUSE IS UNENFORCEABLE BECAUSE IT WAIVES FEDERAL SUSBTANTIVE RIGHTS BY APPLYING GEORGIA STATE LAW EXCLUSIVELY**

Defendants' Motion must also be denied because it seeks to enforce arbitration clauses that waive the protections afforded Plaintiff under federal law by exclusively applying "Georgia substantive law." See, Exs. A and B to Defendants' Motion.

It is well-established that a substantive waiver of federally protected civil rights will not be upheld. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S.614, 637 (1985) (noting that if an arbitration clause and other contractual provisions "operated in tandem as a prospective waiver of a party's right to pursue statutory remedies," "we would have little hesitation in condemning the agreement as against public policy.") See also, *14 Penn Plaza LLC v. Pyett,* 556 U.S. 247 (2009) ("[A] substantive waiver of federally protected civil rights will not be upheld."). See also, *Sutherland v. Ernst & Young, LLP,* 768 F. Supp. 2d 547 (S.D.N.Y. 2011).

Here, the arbitration clauses Defendants seek to enforce apply Georgia state law to the exclusion of federal law. The arbitration clause contained in the Policy states: "The parties **exclusively** select the application of Georgia substantive law." See, Ex. B (emphasis added). The arbitration clause contained the Agreement states: "The parties **exclusively** select the application of Georgia substantive law without resort to Georgia's conflicts of law rules to resolve legal issues that may arise in the course of such arbitration or any litigation between the parties." See, Ex. A (emphasis added). Because the arbitration clauses Defendants seek to enforce contain agreements to apply Georgia state law exclusive of federal law, the clauses impermissibly waive substantive federal law and are unenforceable. Accordingly, Defendants' Motion must be denied.

3

### III. THE ARBITRATION CLAUSES CANNOT BE ENFORCED BECAUSE THEY DO NOT CLEARLY AND UNMISTAKABLY REQUIRE PLAINTIFF TO SUBMIT HER STATUTORY CLAIMS OF DISCRIMINATION TO ARBITRATION

Defendants' Motion must be denied because the arbitration clauses do not **clearly and unmistakably** require Plaintiff to arbitrate her discrimination claims under Title IX (20 U.S.C. § 1681(a), the New York State Human Rights Law (N.Y. Exec. Law § 296), or the New York City Human Rights Law (N.Y.C. Admin. Code § 8-107(7)).[1]

As the Supreme Court made clear in *Pyett,* only "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."[2] *Pyett,* 556 U.S. at 273. In other words, the Supreme Court requires "**that an agreement to arbitrate antidiscrimination claims be 'explicitly stated' in the collective bargaining agreement**." *Id.* at 258-259 (quoting *Wright v. Universal Maritime Service Corp.,* 525 U.S. 70, 80 (1998) (emphasis added).)

In *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 49-50 (1974), the Supreme Court held that an agreement that contains an arbitration clause that does not mandate arbitration of statutory antidiscrimination claims is not enforceable. There, the plaintiff was covered by a collective-bargaining agreement ("CBA") that prohibited "discrimination against any employee on account of race, color, religion, sex, national origin, or ancestry" and that ensured that no employee would be discharged absent "good cause." *Gardner-Denver,* 415 U.S. at 39. The CBA contained a "multistep grievance procedure" that culminated in compulsory arbitration for any

---

[1] The instant motion was not brought on behalf of Defendant Rosenberg, as such Plaintiff's claims for assault and battery and intentional infliction of emotional distress against him are not subject to the instant motion.

[2] "The law does not recognize 'a distinction between the status of arbitration agreements signed by an individual employee and those agreed to by a union representative.'" *Pyett,* 556 U.S. at 258-259 (quoting *Wright v. Universal Maritime Service Corp.,* 525 U.S. 70, 80 (1998)).

"differences aris[ing] between the Company and the Union as to the meaning and application of the provisions of this Agreement." *Id.* at 40.  After the plaintiff pursued arbitration and the arbitrator had determined he had been "discharged for just cause," the plaintiff filed an action in district court after obtaining a right-to-sue letter from the EEOC. *Id.* at 38-43. The district court issued a decision, affirmed by the court of appeals, which found that because the plaintiff "having voluntarily elected to pursue his grievance to final arbitration under the nondiscrimination clause of the collective-bargaining agreement," he was "bound by the arbitral decision" and precluded from suing his employer on any other grounds, including statutory claims such as Title VII. *Id.* at 43.  The Court reversed the lower courts and held that the arbitration clause was not preclusive because the CBA did not cover explicitly statutory antidiscrimination claims. *Id.* at 53.  The Court's decision was based on its finding that "the CBA did not mandate arbitration of statutory antidiscrimination claims." *Id.* at 49.[3]

In *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728 (1981), the Court concluded that the plaintiff was not precluded from bringing a claim under the Fair Labor Standards Act in district court after unsuccessfully submitting the claim to a joint grievance committee pursuant to the CBA because "[l]ike the collective-bargaining agreement in *Gardner-Denver,* the arbitration provision under review in *Barrentine* **did not expressly reference the statutory claim at issue**." *Pyett,* 556 U.S. at 263 (citing *Barrentine,* 450 U.S. at 731, n.5) (emphasis added).

In *Pyett,* the Supreme Court concluded that the arbitration clause at issue was enforceable.  In contrast to the arbitration clauses in *Gardner-Denver, Barrentine* and the

---

[3] In *Pyett,* the Supreme Court cited to this holding in *Gardner-Denver* with approval. 556 U.S. at 260, 264 n.8.

arbitration clause at issue here, the clause in *Pyett* explicitly required arbitration of statutory

discrimination claims.

> 30. NO DISCRIMINATION: There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, union membership, or any characteristic protected by law, including, but not limited to, claims made pursuant to **Title VII of the Civil Rights Act**, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code,…or any other similar laws, rules, or regulations. All such claims shall be subject to the grievance and arbitration procedure (Article V and VI) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

556 U.S. at 252 (emphasis in original).

The Court concluded, "there is no legal basis for the Court to strike down the arbitration

clause in this CBA, which was freely negotiated by the UNION and the [Realty Advisory

Board], **and which clearly and unmistakably requires respondents to arbitrate the age-**

**discrimination claims at issue in this appeal**." *Id.* at 260 (emphasis added). The Court held

that "a collective-bargaining agreement that clearly and unmistakably requires union members to

arbitrate ADEA claims is enforceable as a matter of federal law." *Id.* at 273.

The Second Circuit's precedent is in accord with *Gardner-Denver, Barrentine* and *Pyett.*

For example, in *Ragone v. Atlantic Video,* 595 F.3d 115, 120 (2d Cir. 2010), the court found the

plaintiff's sexual harassment claims were subject to arbitration where the arbitration clause

expressly stated that "claims of sexual harassment" are subject to arbitration.

> In addition:

> Courts in the Second Circuit will find that [arbitration agreement] "clearly and unmistakably" encompass[] statutory claims if either of two conditions is met: "First, a waiver [to a federal forum for statutory claims] is sufficiently explicit if the arbitration clause contains a provision whereby employees **specifically agree to submit all federal causes or action** arising out of their employment to arbitration…Second, [such] a waiver may be sufficiently clear and unmistakable when the CBA contains an **explicit incorporation of the**

**statutory…requirements** in addition to a broad and general arbitration clause. Courts agree that **specific incorporation requires identifying the…statutes by name or citation**."

*Kaye v. Orange Regional Med. Ctr.,* No. 12-CV-4364 (KMK), 2013 U.S. Dist. LEXIS 141065, *40-41 (S.D.N.Y. Sept. 30, 2013) (citing *McLean v. Garage Mgmt. Corp.,* No. 10-CV-3950, 2011 U.S. Dist. LEXIS 32760, at *5 (S.D.N.Y. Mar. 29, 2011) (emphasis in original) (quoting *Rogers v. N.Y. Univ.,* 220 F.3d 73, 76 (2d Cir. 2000) (per curiam); *Quintanilla v. Suffolk Paving Corp.,* No. 09-CV-5331, 2011 U.S. Dist. LEXIS 34193, at *3 (E.D.N.Y. Feb. 10, 2011) (same), *adopted by* 2011 U.S. Dist. LEXIS 34188, at *1 (E.D.N.Y. Mar. 28, 2011); *Alderman v. 21 Club Inc.,* 733 F. Supp. 2d 461, 469 (S.D.N.Y. 2010) (same).

In *Kaye,* the court found that the arbitration clause did not clearly and unmistakably encompass the plaintiff's New York Labor Law claim where the arbitration clause simply stated that any "dispute or complaint arising between the parties…under or out of this [CBA] or the interpretation, application, performance, termination, or any alleged breach thereof" was subject to mandatory arbitration. *Kaye ,* 2013 U.S. Dist. LEXIS 141065, at *41-42. See also, *Viruet v. Port Jervis City School Dist.,* No. 11-CV-1211 (ER), 2013 U.S. Dist. LEXIS 114243, at *19 (S.D.N.Y. Aug. 13, 2013).

In contrast, courts in this circuit have routinely enforced arbitration clauses that explicitly state that discrimination claims are subject to mandatory arbitration. See, *Bouras v. Good Hope Mgmt. Corp.*, No. 11 Civ. 8708 (WHP), 2012 U.S. Dist. LEXIS 104703, at *1, *4 (S.D.N.Y. July 24, 2012) ("The CBA at issue here . . . expressly provides that employee discrimination claims under Title VII, as well as under state and local anti-discrimination laws, 'shall be subject to the grievance and arbitration procedure . . . as the sole and exclusive remedy for violation.' This language clearly and unmistakably requires arbitration of [the plaintiff's] Title VII claim."); *Veliz*

7

*v. Collins Bldg. Servs., Inc.*, No. 10 Civ. 06615 (RJH), 2011 U.S. Dist. LEXIS 109351, at *2, *4

(S.D.N.Y. Sept. 26, 2011); *Morris v. Temco Serv. Indus., Inc.*, No. 09 Civ. 6194 (WHP), 2010

U.S. Dist. LEXIS 84885, at *1, *4 (S.D.N.Y. Aug. 12, 2010); *Johnson v. Tishman Speyer Props.,*

*L.P.,* 09 Civ. 1959 (WHP), 2009 U.S. Dist. LEXIS 96464, at *1, *3 (S.D.N.Y. Oct. 16, 2009).

Here, neither of the arbitration clauses at issue state that Plaintiff must to submit all

federal causes of action to arbitration – in fact, as discussed above, it eliminates Plaintiff's

federal causes of action.  See Exs. A and B. Nor do the arbitration clauses here contain an

explicit incorporation of the statutory requirement by name of or citation to the statute. As a

result, the arbitration clauses here neither "explicitly state" nor "clearly and unmistakably"

require Plaintiff to submit her statutory discrimination claims to arbitration.

The arbitration clause in the Policy states, in relevant part:

> Trainee agrees that, upon the sole and exclusive election of ATP, any claim,
> dispute, or controversy (whether in contract, tort, or otherwise) arising from or
> relating to Trainee's enrollment in any ATP flight training program or any
> dealings or agreements between ATP and Trainee, including the validity or
> enforceability of this arbitration clause or any part thereof or any other matter,
> shall be resolved by binding arbitration under the Rules of the American
> Arbitration Association in Jacksonville, Florida.

Ex. B to Defendants' Motion.

The arbitration clause in the Agreement states, in relevant part:

> Trainee agrees that, any claim, dispute, or controversy (whether in contract, tort,
> or otherwise) arising from or relating to this Flight School Agreement and Waiver
> of Liability or the relationships which result from this contract, including the
> validity or enforceability of this arbitration clause or any part thereof or the entire
> contract, shall be resolved by binding arbitration under the Rules of the American
> Arbitration Association and the Federal Arbitration Act in Atlanta Georgia….The
> parties exclusively select the application of Georgia substantive law without resort
> to Georgia's conflicts of law rules to resolve legal issues that may arise in the
> course of such arbitration or any litigation between the parties. In the event a
> party brings a lawsuit in violation of this agreement, the violating party shall be
> responsible for all expenses, including attorneys' fees, incurred in enforcing this
> arbitration agreement.

Ex. A to Defendants' Motion.

Under the clear precedent of the Supreme Court in *Gardner-Denver, Barrentinem* and *Pyett,* the Second Circuit and the District Courts within this cicuit because the arbitration clauses at issue here neither "explicitly state" nor "clearly and unmistakably" state that Plaintiff must arbitrate her statutory discriminations claims the clauses are unenforceable and Defendants' Motion must be denied.

## IV. THE ARBITRATION CLAUSES ARE UNENFORCEABLE BECAUSE THEIR TERMS ARE UNCONSCIONABLE

### A. State Contract Law Governs The Resolution Of Whether An Arbitration Agreement Is Enforceable

The Federal Arbitration Act "provides that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *EEOC v. Rappaport, Hertz, Cherson & Rosenthal, P.C.,* 273 F. Supp. 2d 260 (E.D.N.Y. 2003) (quoting 9 U.S.C. § 2). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Steelworkers v. Warrior & Gulf. Nav. Co.,* 363 U.S. 574, 582 (1960). See also, *Ragone,* 595 F.3d at 121. "Accordingly, 'generally applicable contract defenses, such as fraud, duress or unconscionability, may be applied to invalidate arbitration agreements." *Ragone,* 595 F.3d at 121 (quoting *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996).) "It is clear that questions of contractual validity relating to the unconscionability of [an] arbitration agreement must be resolved first, as a matter of state law, before compelling arbitration pursuant to the FAA." *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 365 (2d. Cir. 2003) (per curiam).

9

**B. New York Contract Law Governs The Resolution Of Whether The Arbitration Clauses At Issue Here Are Unconscionable**

The first issue to resolve is whether to apply the New York or Georgia state contract law. The events at issue here occurred in the State of New York.  See, the Complaint (Dkt 1.), attached to Defendants' Motion as Ex. C.  However, the arbitration clauses at issue include provisions for the exclusive application of Georgia state law. See, Exs. A and C to Defendants' Motion.

When there is a choice of law question presented to a district court and the jurisdiction of the court is based on the presence of a federal question, courts follow the choice of law rules of the forum state, here New York. *Totalplan Corp. of Am.v. Colborne,* 14 F.3d 824, 832 (2d Cir. 1994).  "On substantive issues of law such as contract formation, New York courts give 'controlling effect to the law of the jurisdiction which has the greatest concern with, or interest in, the specific issue raised in the litigation.'" *Totalplan Corp. of Am.,* 14 F.3d at 832 (quoting *Intercontinental Mon. Corp. v. Performance Gaur.,* 705 F. Supp. 144, 147 (S.D.N.Y. 1989) (quoting *Neumeier v. Kuehner,* 335 N.Y.S.2d 64, 69 (1972).)

Here, jurisdiction is based on a federal question, Title IX.  See, Ex. C to Defendants' Motion.  The events that gave rise to this action occurred in New York. *Id*.  The Plaintiff, Defendant Rosenberg and Defendant King are all residents of New York.  See, Ex. C; Declaration of W. Gordon Kaupp, Esq. In Support of Plaintiff's Opposition To Motion To Compel Arbitration And Dismiss The Proceedings ("Kaupp Dec."), ¶4-5. In addition, the particular ATP Flight School Plaintiff attended was located in New York. See, Ex. C.  Defendant ATP Flight Academy has its headquarters in Jacksonville Beach, Florida.  Kaupp Dec., ¶6.  The Defendants Airline Transport Professional Holdings, Inc., ATP Flight Academy, LLC and ATP Flight School, LLP are all Florida corporations. See, Kaupp Dec., ¶¶ 6 – 9 and Exhibits 1 – 3

10

attached to the Kaupp Dec.  Defendant ATP Flight Academy of Arizona, LLC is an Arizona

corporation. See, Exhibit 4 to the Kaupp Dec. Only Defendant ATP USA, Inc. is a Georgia

corporation. Kaupp Dec., ¶11. Because the incidents that give rise to the instant action occurred

in New York, the Plaintiff and two individual Defendants are residents of New York and all

corporate parties except one are not Georgia corporations, the State of New York has

significantly greater concern with or interest in this action than the State of Georgia. This is

particularly so where the plaintiff seeking to vindicate her rights is a domiciled in New York.

See, Ex. C.; Kaupp Dec., ¶ 12. Accordingly, under New York's choice of law rules, New York

contract law governs.[4]

### C. The Arbitration Clauses Are Unenforceable Because They Are Unconscionable

> Under New York law, a contract is unconscionable when it is "so grossly
> unreasonable or unconscionable in the light of the mores and business practices of
> the time and place as to be unenforceable according to its literal terms. *Gillman v.
> Chase Manhattan bank, N.A.,* 73 N.Y.2d 1[, 10] (1988). Generally, there must be
> a showing that such a contract is both procedurally and substantially
> unconscionable. *See id.* "The procedural element of unconscionability concerns
> the contract formation process and the alleged lack of meaningful choice; the
> substantive element looks to the content of the contract. *State v. Wolowitz,* 468
> N.Y.S.2d 131, 145 (1983); *see also*, *Desiderio v. National Ass'n of Sec. Dealers,
> Inc.,* 191 F.3d 198, 207 (2d Cir. 1999) ("A contract or clause is unconscionable
> when there is an absence of meaningful choice on the part of one of the parties
> together with contract terms which are unreasonably favorable to the other party."
> (quotation marks omitted)).

*Nayal v. HIP Network Servs. IPA, Inc.,* 620 F. Supp. 2d 566, 571 (S.D.N.Y. 2009).

"While determinations of unconscionability are ordinarily based on [a] conclusion that

both the procedural and substantive components are present, there have been exceptional cases

where a provision of the contract is so outrageous as to warrant holding it unenforceable on the

---

[4] Notably, application of Georgia law would warrant the same result because its
unconscionability standard mirrors that of New York.  See e.g., *NEC Techs., Inc. v. Nelson,* 267
Ga. 390, 478 S.E.2d 769, 771-772 (1996).

ground of substantive unconscionability alone." *Gillman v. Chase Manhattan Bank,* 73 N.Y.2d 1, 10 (1988).  See also, *Ragone,* 595 F.3d at 122.

In *Ragone,* the court concluded that the arbitration agreement was enforceable in light of the defendants' agreement to modify the arbitration agreement by waiving the ninety-day statute of limitations for filing an arbitration claim and the fee-shifting provision contained in the arbitration agreement that required fees be awarded to the prevailing party. *Ragone,* 595 F.3d at 123-125. However, the court cautioned that if the defendants had not agreed to waive both provisions under the body of federal substantive law of arbitrability under the FAA because they would have significantly diminished the litigant's rights under Title VII. *Id.* at 125-126. Under Title VII a plaintiff is not assessed a defendant's attorneys' fees unless a court finds the claim was frivolous, unreasonable or baseless. *Id.* at 126 citing *Sista v. CDC Ixis N. Am., Inc,* 445 F.3d 161, 178 (2d Cir. 2006).

Here, the arbitration clauses contain multiple terms that render the arbitration agreement as a whole unconscionable.  First, as discussed in section II., above, the arbitration clauses waive Plaintiff's substantive statutory rights under New York and federal law.  Second, the right to compel arbitration is held solely by Defendants. See, the Policy, attached as Ex. B to Defendants' Motion ("Trainee agrees that, upon the sole and exclusive election of ATP, any claim, dispute, or controversy…shall be resolved by binding arbitration…")  Third, the arbitration agreements require arbitration in an inconvenient forum for Plaintiff - Jacksonville, Florida or Atlanta, Georgia. See, Exs A and B to Defendants' Motion.   Fourth, and most significantly, the arbitration clause provides, "In the event a party brings a lawsuit in violation of this agreement, the violating party shall be responsible for all expenses, including attorneys' fees,

12

incurred in enforcing this arbitration agreement." See, Ex. A.  This automatic penalty is

prohibitively expensive and is, therefore, unconscionable.

"[A] party [who] seeks to invalidate an arbitration agreement on the ground that

arbitration would be prohibitively expensive,…bears the burden of showing the likelihood of

incurring such costs."  *Green Tree Fin. Corporation-Alabama v. Randolph,* 531 U.S. 79, 92

(2000).  In *Rappaport, Hertz, Cherson  & Rosenthal, P.C.,* 448 F. Supp. 2d at 463-464, this

Court found that arbitration costs against a complaining party in the range of $6,000 to $11,250,

"[w]ith reasonable certainty, [such] substantial costs would deter a significant number of

claimants from bringing a lawsuit regardless of their financial situation." However, the Court

went on to find that the complainant had not met his burden to show that he would be required to

pay the substantial fees and ultimately held arbitration would be compelled because the

agreement made "clear that all of [the complainant's] claims fall within the scope of the

agreement, [complainant] must arbitrate her Title VII, state and city claims."  *Rappaport, Hertz,*

*Cherson  & Rosenthal, P.C.,* 448 F. Supp. 2d at 464, 465.  In contrast, here is arbitration is

compelled Plaintiff will be required to pay substantially higher costs; to wit, Defendants'

attorneys' fees for litigation of the within motion. See, Ex. A.

In totality, the four terms contained in the arbitration clauses here discussed above are so

outrageous as to render the arbitration clauses unconscionable and therefore, unenforceable.  In

*Ragone,* the court cautioned that the fee-shifting provision and the ninety-day limitations period

would likely have rendered the arbitration clause unconscionable. *Ragone,* 595 F.3d at 125-126.

Here, Plaintiff's federal and state rights are eliminated in their entirety and there is an automatic

penalty that will be assessed against the Plaintiff is arbitration is compelled because she filed the

instant action.  See, Ex. A.  The attorneys' fees the ATP Defendants incurred by the time the

13

Motion is argued will likely be well above the $6,000 to $11,000 range considered prohibitively expensive in *Ragone.* These two provisions alone demand a finding of unconscionability.  When considered in combination with the inconvenient forum for Plaintiff and the ATP Defendants' exclusive right to compel arbitration there is no question that the arbitration clauses are unconscionable and unenforceable.   Accordingly, the Defendants' motion must be denied.

**CONCLUSION**

Based on the foregoing, Plaintiff Marie Klein respectfully requests that this Court deny the Motion to Compel Arbitration and Dismiss the Proceedings in its entirety.


Dated: New York, New York
       May 30, 2014

                                        Respectfully Submitted,

                              By:    */s/ W. Gordon Kaupp*

                                     W. Gordon Kaupp, Esq., of Counsel
                                     ARCÉ LAW GROUP, PC
                                     *Attorneys for Plaintiff*
                                     30 Broad Street, 35th Floor
                                     New York, New York 10004
                                     (212)-248-0120

14
