UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
MARIE KLEIN,

                              Plaintiff,

   -against-

ATP FLIGHT SCHOOL, LLP, ADAM ROSENBERG, individually, JIM KOZIARSKI, individually, and KELVIN KING, individually,

                            Defendants.
-----------------------------------------------------------X

CASE NUMBER: 14-CV-01522

**REPLY MEMORANDUM IN SUPPORT OF THE ATP DEFENDANTS' MOTION TO COMPEL ARBITRATION AND DISMISS THE COMPLAINT**

      Defendants ATP USA, Inc., Airline Transport Professional Holdings, Inc., ATP Flight Academy, LLC, ATP Flight Academy of Arizona, LLC, and their Affiliates, improperly plead as ATP Flight School, LLP ("ATP"), Jim Koziarski ("Koziarski"), and Kelvin King ("King") (collectively, the "ATP Defendants"), by their undersigned counsel, submit this reply memorandum in support of their motion to compel arbitration on all counts of the complaint against the ATP Defendants, dismiss the Complaint against them, and transfer the matter to Atlanta, Georgia or, in the alternative, stay the litigation until the action has been arbitrated in the correct forum.

**I.    THIS COURT MAY PROPERLY ORDER THAT ARBITRATION TAKE PLACE OUTSIDE THE STATE OF NEW YORK**

      Contrary to plaintiff's first argument, the Second Circuit has never directly addressed "'how a district court should proceed when a suit pending before it involves an arbitration agreement which specifies that arbitration should take place outside [the] court's district."

13274954.3

*Champion Auto Sales, LLC v. Polaris Sales Inc.*, 943 F.Supp.2d 346, 355 (E.D.N.Y. 2013) (quoting *Indian Harbor Ins. Co. v. Global Transp. Sys., Inc.*, 197 F.Supp.2d 1, 2 (S.D.N.Y. 2002)). Other circuit courts are split with regard to where a district court may compel arbitration take place when presented with a forum-selection clause dictating that the arbitration must be held outside of the district where the issue is raised.

Pursuant to the Federal Arbitration Act ("FAA"), a district court "shall make an order directing the parties to proceed to arbitration *in accordance with the terms of the agreement*. The hearing and proceedings, under such an agreement, shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C § 4 (emphasis added). This language presents a conflict when the *terms of the agreement* require arbitration in a different district then where the order directing arbitration is filed.

In *Dupuy-Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275 (5th Cir. 1975), the Fifth Circuit noted that "where [a] suit is brought in a district other than the one which the contract states that arbitration is to be held, there is a conflict between the provision [in the FAA] as to ordering arbitration 'in accordance with the terms of the contract,' while having the proceedings take place 'in the district in which the petition is filed.'" *Id.* at 1277 (quoting 9 U.S.C § 4). Addressing this conflict, the court adopted a rule that prevents a plaintiff from forum shopping, enforces the terms of the forum-selection clause, and avoids the "procedural trap by which a party to an arbitration agreement might be deprived of its contractual right to arbitration at the location specified in the agreement." *Id.* at 1277-78.

The Fifth Circuit found that when a lawsuit is filed by a party seeking to *avoid* arbitration, and that lawsuit is not filed in the district specified by contract as to the locus of arbitration, the district court may, upon application of a party seeking to enforce a contractual

2

13274954.3

arbitration provision, compel arbitration in a district different from where the lawsuit was brought "*in accordance with the terms of agreement*." *Id.* at 1278. The district court found that the difference between this scenario and other cases is that the party seeking to enforce an arbitration provision did not start the lawsuit in a jurisdiction outside that specified by contract for arbitration. Here, the ATP Defendants did not start this suit in New York. Rather, the ATP Defendants are seeking to enforce contractual arbitration. If this application were not raised in some form in this proceeding whether by counterclaim, affirmative defense or motion, then the ATP Defendants may have been faced with a claim of wavier.

While the Second Circuit Court of Appeals has not definitely ruled on the issue, this Court has entered orders staying the litigation pending arbitration in the designated forum. *Champion Auto Sales*, 943 F.Supp.2d at 355; s*ee also Provident Bank v. Kabas*, 141 F.Supp.2d 310, 315 (E.D.N.Y. 2001). The ATP Defendants urge this Court to follow the approach of the Fifth Circuit and dismiss the action and compel arbitration in Atlanta, Georgia or, in the alternative, stay the litigation against the ATP Defendants so the parties can arbitrate in Atlanta, Georgia, in accordance with the forum-selection clause.[1]

## II. GEORGIA SUBSTANTIVE LAW RECOGNIZES THAT THE FEDERAL ARBITRATION ACT MAY PREEMPT STATE LAW.

Plaintiff's second argument is based upon the defective reasoning that the Agreement and the Policy seek to "apply Georgia state law to the exclusion of Federal law." *Pl. Br.* at 3. This argument does not deserve the Court's consideration. The Supreme Court rejected a similar

---

[1] Conversely, other circuit courts have held that a district court may "ignore the contract's forum-selection clause and compel arbitration within its own district." *Champion Auto Sales*, 943 F.Supp.2d at 355 (citing *Textile Unlimited, Inc. v. A..BMH & Co.*, 240 F.3d 781, 783 (9th Cir. 2001)). The ATP Defendants argue that the Fifth Circuit approach better comports with the liberal federal policy favoring arbitration agreements and the principals of contract law by binding the parties to their agreement.

3

argument in *Volt Info. Sciences Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 109 S.Ct. 1248, 103 L.Ed.2d 488, where the Court stated "[b]y settled principals of federal supremacy, the law of any place in the United States *includes* federal law." *Id.* 489 U.S. at 490 (emphasis added).

Georgia courts have consistently recognized that the FAA "preempts any state law that conflicts with its provisions or undermines the enforcement of private arbitration agreements." *Davidson v. A.G. Edwards & Sons, Inc.*, 748 S.E.2d 300, 302 (Ga. Ct. App. 2013) (citing *Results Oriented v. Crawford*, 538 S.E.2d 73 (2000)). It is clear that the Plaintiff did not waive her Federal rights, but merely submitted to the jurisdiction of Georgia courts and to the application of Georgia state law to the exclusion of the law of other *states*. As stated in the Agreement and the Policy: "The parties exclusively select the application of Georgia substantive law without resort to Georgia's conflicts of law rules to resolve legal issues that may arise in the course of such arbitration or any litigation between the parties." *See Kalocsay Cert. Ex. A & B.*

### III. THE ARBITRATION CLAUSES ARE ENFORCEABLE.

#### A. THE QUESTION OF ARBITRABILITY IS ONE FOR THE ARBITRATOR.

In her third point plaintiff argues that the arbitration clauses in the Agreement and the Policy do not clearly require her to submit her claims to arbitration. This question is more properly placed before an arbitrator, because it bears on the question of arbitrability. "The question of whether the parties have submitted a particular dispute to arbitration, *i.e.*, the '*question of arbitrability*,' is 'an issue for judicial determination *[u]nless* the parties clearly and unmistakably provide otherwise.'" *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 343 (2d Cir. 2010) (quoting *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003)) (first alteration in original). Here, the Agreement clearly states:

4

"Trainee agrees that any claim, dispute, or controversy . . . *including the validity or enforceability of this arbitration clause or any part of the entire contract*, shall be resolved by binding arbitration." *Kalocsay Cert*. Ex. A.  The Policy also states:  "Trainee agrees that, upon the sole and exclusive election of ATP, any claim, dispute, or controversy . . . *including the validity or enforceability of this arbitration clause or any part thereof* or any other matter, shall be resolved by binding arbitration." *Kalocsay Cert*. Ex. B.  It is clear that the parties have unmistakably provided that any issue of arbitrability should be determined by an arbitrator.  As such, this Court should refer the determination of arbitrability to the arbitrator.

> B.  THE ARBITRATION CLAUSES REQUIRE PLAINTIFF TO SUBMIT ALL OF HER CLAIMS TO ARBITRATION.

In her opposition brief, plaintiff argues that because "the arbitration clauses do not clearly and unmistakably require plaintiff to arbitrate her discrimination claims" the arbitration agreements are unenforceable.  *Pl. Br*. at 4.  Plaintiff, however, cannot provide any support for her claim in the context of a privately negotiated enrollment agreement.  Plaintiff relies on several cases that analyze the arbitrability of statutory claims in the context of collective-bargaining agreements.  *See e.g. 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 129 S.Ct. 1456, 173 L.Ed.2d 398 (2009); and, *Ragone v. Atlantic Video*, 595 F.3d 115 (2d Cir. 2010).  The context in which the agreements in these cases were entered is very different.  These cases deal specifically with employment agreements, while the Agreement and Policy at issue here are part of plaintiff's voluntary enrollment in flight school in order to become a pilot.  Moreover, plaintiff voluntarily agreed to the arbitration agreement contained in both the Agreement and the Policy by individually initialling the arbitration paragraphs when she was clearly under no duress of any kind to do so and could have just walked away.  Indicative of this fact is that in the Policy plaintiff did *not* initial the paragraph above the "agreement to arbitrate" clause, which concerns

5

photo, video, and testimonial releases. This evidences her specific intent to agree to arbitrate her claims. Should the Court agree with plaintiff's argument, it would create a chilling effect on privately negotiated arbitration agreements in a scenario such as this.

It is well settled that "arbitration clauses may cover statutory claims even if the 'clause at issue does not mention [the specific] statutes or statutes in general.'" *Thomas v. Public Storage, Inc.*, 957 F.Supp.2d 496, 500 (S.D.N.Y. 2013) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 615, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985)) (citing *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 845 (2d Cir. 1987) (upholding arbitration clauses which generally referred to "[a]ll claims and disputes of whatever nature arising under this contract" and "[a]ny controversy relating to this contract")).

The arbitration clauses contained within the Agreement and the Policy specify that *all* claims are subject to arbitration. The Agreement states: "Trainee agrees that *any* claim, dispute, or controversy (*whether in contract, tort or otherwise*) arising from or relating to this Flight School Agreement and Waiver of Liability or *the relationships which result from this contract*, . . . shall be resolved by binding arbitration." *Kalocsay Cert.* Ex. A (emphasis added). Moreover, the Agreement clearly and unmistakably sets forth in bold capitalized letters: **THIS CONTRACT CONTAINS A RELEASE AND BINDING ARBITRATION PROVISION WHICH AFFECTS YOUR LEGAL RIGHTS**. *Id.* The Policy also states: "Trainee agrees that, upon the sole and exclusive election of ATP, *any* claim, dispute, or controversy (*whether in contract, tort, or otherwise*) arising from or relating to Trainee's enrollment in any ATP flight training program or any dealings or agreements between ATP and Trainee . . . shall be resolved by binding arbitration." *Kalocsay Cert.* Ex. B (emphasis added). It is clear that both the

6

Agreement and the Policy not only require that plaintiff's claims be submitted to arbitration, but also that any determination of arbitrability of the claims be determined in binding arbitration.

  IV. **THE ARBITRATION AGREEMENTS ARE NOT UNCONSCIONABLE UNDER GEORGIA OR NEW YORK LAW.**

Both the Agreement and the Policy specify that they are governed by Georgia substantive law. In analyzing a similar arbitration provision (with a Minnesota choice-of-law provision), this Court found:

> Whether the parties agreed to arbitrate is a question of state law, *Bell v. Cendant Corp.*, 293 F.3d 563, 566 (2d Cir. 2002), and, as the Agreement contains a Minnesota choice-of-law provision, the Court looks to Minnesota law to determine whether there is a valid agreement to arbitrate, *see Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000) ("New York law is clear in cases involving a contract with an express choice-of-law provision: absent fraud or violation of public policy a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *See also Fin. One Pub. Co. Ltd. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005) ("The validity of a contractual choice-of-law clause is a threshold question that must be decided not under the law specified in the clause, but under the relevant forum's choice-of-law rules governing the effectiveness of such clauses.").

*Champion Auto Sales*, 943 F.Supp.2d at 351.

Here, ATP Flight School USA is a Georgia Corporation, therefore Georgia "'bears a reasonable relationship to the parties or the transaction,'" which gives effect to the choice-of-law provision. *Follman v. World Financial Network National Bank*, 721 F.Supp.2d 158, 161 (E.D.N.Y. 2010) (quoting *Welsbach Elec. Corp. v. MasTec North America, Inc.*, 859 N.E.2d 498, 500 (N.Y. 2006).

### A. THE ARBITRATION AGREEMENTS ARE NOT UNCONCIONABLE UNDER GEORGIA LAW.

Plaintiff argues that the arbitration agreements are unconscionable for four reasons: 1) they waive her rights under federal and New York state law; 2) the right to arbitration is held solely by the ATP defendants; 3) inconvenient forum; and 4) the automatic penalty providing for fees is prohibitively expensive. *Pl. Br.* at 12-13.

First, as discussed *supra*, plaintiff has not waived her rights under Federal law. Second, the Supreme Court of Georgia has found that the lack of a mutuality of remedy does not make an arbitration clause unconscionable. *Crawford v. Results Oriented, Inc.*, 548 S.E.2d 342, 342 (Ga. 2001) (citing, with approval, *Green Tree Fin. Corp. of Ala. v. Vintson*, 753 So.2d 497 (Ala. 1999)). Third, to invalidate a forum selection clause plaintiff must show that "the chosen forum will be so inconvenient that [she] will, for all practical purposes, be deprived of [her] day in court." *Iero v. Mohawk Finishing Products, Inc.*, 534 S.E.2d 136, 137-38 (Ct. App. Ga. 2000). Plaintiff has made no showing that she would be deprived of her day in court, and "mere inconvenience will not render such a clause unenforceable." *Id.* Lastly, plaintiff claims that the automatic penalty providing for fees if suit is filed in contravention of an arbitration agreement makes the Agreement and Policy unconscionable. An unconscionable agreement is one "abhorrent to good morals and conscience" and "where one of the parties takes unfair advantage over the other at the time the contact was made." *Results Oriented Inc. v. Crawford*, 538 S.E.2d 73, 79-80 (Ga. Ct. App. 2000). The automatic penalty provision for fees is a far cry from "abhorrent to good morals and conscience." Accordingly, the record is clear that the Agreement and the Policy are not unconscionable.

## B.     THE ARBITRATION AGREEMENTS ARE NOT UNCONCIONABLE UNDER NEW YORK LAW.

Even if this Court finds that the agreements are governed by New York law, in contravention of the forum-selection clause, the agreements are not unconscionable. First, again, as discussed *supra*, plaintiff has not waived her federal rights under the arbitration agreements. Second, "mutuality of remedy is not required in an arbitration contract." *Matter of Ball (SFX Broadcasting)*, 236 A.D.2d 158, 161 (N.Y. Ct. App. 1997). Third, plaintiff has not shown that arbitration "in the contractual forum would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of [her] day in court." *British W. Indies Guar. Trust Co., Ltd. v. Banque Internationale a Luxembourg*, 172 A.D.2d 234, 234 (N.Y. Ct. App. 1991). As above, the record is clear that the arbitration agreements in the Agreement and the Policy are not unconscionable.

## CONCLUSION

For the reasons set forth above, the Court should allow the ATP Defendants' motion, enforce the arbitration agreements, compel arbitration of plaintiff's claims in Georgia, and dismiss this action against the ATP Defendants or, in the alternative, stay the litigation pending binding arbitration in Atlanta, Georgia.

Respectively submitted,

**LECLAIRRYAN**

Dated: June 13, 2014

/s/ Robyn Gnudi Kalocsay
Robyn Gnudi Kalocsay
LeClairRyan
A Virginia professional corporation
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
(973) 491-3600
*Attorneys for Defendants ATP USA, Inc., Airline Transport Professional Holdings, Inc., ATP Flight Academy, LLC, ATP Flight Academy of Arizona, LLC, and their Affiliates, improperly plead as ATP Flight School, LLP, Jim Koziarski, and Kelvin King*

13274954.3